## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KOLETTE SMITH,

    *Plaintiff,*

 vs.

    Case No. 20-CV-2224-EFM-GEB

BRIAN WILLIAMS and LABETTE
COUNTY MEDICAL CENTER d/b/a
LABETTE HEALTH,

    *Defendants.*

## MEMORANDUM AND ORDER

 Plaintiff Kolette Smith filed suit against Defendants Brian Williams and Labette County Medical Center d/b/a Labette Health.  Defendants previously filed a motion to dismiss that the Court granted in part and denied in part.  The Court dismissed several claims but allowed two claims—a procedural due process claim under 42 U.S.C. § 1983 and a defamation claim related to acts in Missouri—to remain.  Defendants are now before the Court with a Motion for Reconsideration (Doc. 42) requesting that the Court dismiss the Missouri defamation claim.  For the reasons stated in more detail below, the Court grants Defendants' motion.

### I.   Factual and Procedural Background

 Plaintiff is a licensed physician in Kansas and formerly worked for Defendant Labette Health, a public hospital in Labette County, Kansas.  Plaintiff and Labette Health were unable to

reach an agreement regarding Plaintiff's continued employment with Labette Health.  After the end of Plaintiff's relationship with Labette Health, she sought employment elsewhere, including in Missouri.  Plaintiff claims that Defendant Williams, the President and Chief Executive Officer of Labette Health, falsely informed potential employers that she was breaking a non-compete agreement.  She also asserts that Williams falsely told the Missouri Board of Registration for the Healing Arts that Plaintiff refused to perform call obligations.  Plaintiff asserts that she had to hire an attorney to assist in her obtaining her Missouri license.

Plaintiff filed suit and asserted seven claims against Defendants, including two constitutional claims, three claims under Kansas law, and two claims under Missouri law. Defendants filed a motion to dismiss all claims.[1]  While the motion was pending, Plaintiff filed a motion to dismiss requesting the dismissal of her three claims brought under Kansas law.[2]

This Court granted Plaintiff's motion.[3]  With regard to Defendant's motion, the Court granted it in part and denied it in part.[4]  Specifically, it dismissed Plaintiff's claim under 42 U.S.C. § 1983 for denial of a liberty interest and her Missouri claim for tortious interference with prospective economic advantage finding that Plaintiff failed to state a claim.  It allowed Plaintiff's claim under 42 U.S.C. § 1983 for denial of a property interest without due process of law and her Missouri defamation claim to go forward.  The Court did not address whether Plaintiff provided notice of her tort claims and complied with the Kansas Tort Claims Act ("KTCA"), finding that it

---

[1] Doc. 25.

[2] Doc. 37.

[3] Doc. 39.

[4] *Id.*

was unnecessary to address compliance with the KTCA because Plaintiff requested dismissal of her Kansas tort claims.

Defendants contend that the Court erred when it did not address whether Plaintiff complied with the KTCA as to Plaintiff's defamation claim brought under Missouri law.[5]  They assert that Plaintiff failed to meet the requirement of pre-lawsuit notice under the KTCA, and even though Plaintiff's claim is governed by Missouri law, Plaintiff still must comply with the procedural requirements of the KTCA prior to bringing this claim.  Plaintiff asserts multiple arguments as to why Defendants' contention fails.

## II.      Legal Standard

Local Rule 7.3 governs motions to reconsider.[6]  A motion to reconsider a non-dispositive order must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[7]  "The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."[8]  A motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally

---

[5] The Court also did not address compliance with the KTCA with regard to Plaintiff's tortious interference claim brought under Missouri law but found that Plaintiff failed to state a claim and dismissed that claim.

[6] D. Kan. R. 7.3.

[7] D. Kan. R. 7.3(b)(1)-(3).

[8] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, at *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

available.[9]  The decision regarding whether to grant or to deny a motion for reconsideration is left within the sound discretion of the district court.[10]

### III.    Analysis

In this case, the Court previously did not address the applicability of the KTCA to Plaintiff's defamation claim for acts in Missouri.  Defendants contend that it was legal error to not do so because it previously asserted that Plaintiff did not comply with the KTCA as to all five of her tort claims.  Three tort claims were brought under Kansas law, and two claims were brought under Missouri law.  The Court notes that Defendants made this argument, but they did not address Missouri law or principles of comity in their original briefing.  Instead, Defendants argued that Kansas law applied to *all* tort claims because the wrong was felt in Kansas, the place of Plaintiff's residence, and that Plaintiff's state-law tort claims should be dismissed either because of failure to provide notice or because Plaintiff failed to state a claim.  Plaintiff did not address choice of law principles other than by stating that she asserted two claims under Missouri law, and she relied on Missouri law.[11]

The Court found that Missouri law applied to Plaintiff's Missouri claims because the wrong was felt in Missouri.  In addition, because Plaintiff requested dismissal of her tort claims brought under Kansas law, the Court did not address the applicability of the KTCA to Plaintiff's tort claims brought under Missouri law.  Although Defendants previously did not address Missouri comity principles because they argued that Kansas law applied to all claims, the Court will now consider

---

[9] *Id.*

[10] *Vanlerberghe v. Apfel*, 2000 WL 360104, at *1 (D. Kan. 2000) (citations omitted).

[11] Plaintiff argued that notice under the KTCA was not required and alternatively that she provided sufficient notice of her tort claims.

whether the KTCA is applicable to Plaintiff's defamation claim and whether principles of comity should apply here because it would be clear error for the claim to go forward if the Court does not have jurisdiction over this claim.

Pursuant to K.S.A. § 12-105b(d), "[a]ny person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice . . . before commencing such action." "[N]o action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first."[12] "Compliance with this provision is jurisdictional in nature under Kansas law, such that 'if the statutory requirements are not met, the court cannot acquire jurisdiction' over the municipality or the employee on the claim."[13]

Defendants argue that comity principles dictate that Missouri courts would apply the notice requirement under the KTCA to tort claims against a governmental entity.  Defendants further assert that because Plaintiff failed to provide proper notice of her tort claims prior to litigation, Plaintiff's defamation claim should be dismissed.  Plaintiff contends that Defendants fail to

---

[12] K.S.A. § 12-105b(d).

[13] *Shrum v. Cooke*, 2021 WL 3051891, at *6 (D. Kan. 2021) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 280 Kan. 869, 127 P.3d 319, 325 (2006); *see also Farmers Bank & Tr. v. Homestead Cmty. Dev.*, 58 Kan. App. 2d 877, 476 P.3d 1, 14 (2020) ("Failure to file the notice deprives the district court of subject matter jurisdiction over the claim.") (citation omitted).
    Defendant does not address the KTCA notice provision as jurisdictional but instead addresses it that Plaintiff fails to state a claim.  The Court, however, must satisfy itself that it has subject matter jurisdiction.  *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.") (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).  In addition, when determining whether the Court has jurisdiction or whether Plaintiff states a claim, the Court can consider documents outside the Complaint if they are central to the plaintiff's claim and neither party disputes the document's authenticity.  *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001) (discussing 12(b)(1) standards); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997) (discussing 12(b)(6) standards).

identify clear error because principles of comity do not require application of the KTCA regarding this intentionally committed tort, notice was not required for the individual capacity claim against Defendant Williams, notice was given as to the official capacity claim against Defendant Labette Health, and Defendant Labette Health should be estopped from arguing failure to receive notice. The Court will address each argument in turn.

## A.        Comity

Defendants first assert that under Missouri principles of comity, Missouri courts would apply the KTCA's notice requirement to tort claims brought against a governmental entity.  In this case, as noted above, Missouri substantive law applies to Plaintiff's defamation claim because the wrong was felt in Missouri.  The question then becomes whether Missouri would recognize the procedural notice requirement under the KTCA when a person brings a claim against a Kansas governmental entity for a tort occurring in Missouri.[14]

Comity is a matter of courtesy and respect.[15]  The doctrine of comity

is an expression of one [s]tate's entirely voluntary decision to defer to the policy of another.  Such a decision may be perceived as promoting uniformity of decision, as encouraging harmony among participants in a system of co-operative federalism, or as merely an expression of hope for reciprocal advantage in some future case in which the interests of the forum are more critical.[16]

---

[14] *See Kan. Mun. Gas Agency v. Vesta Energy Co.*, 840 F. Supp. 814, 823 (D. Kan. 1993) (noting that Oklahoma substantive law applied to the fraudulent misrepresentation claim and that the question was whether Oklahoma would recognize the KTCA's notice requirement if a person brought a claim against a Kansas municipality).

[15] *Ramsden v. Illinois*, 695 S.W.2d 457, 459 (Mo. 1985) (citing *Esmar v. Haeussler*, 106 S.W.2d 412, 414 (Mo. 1937)).

[16] *Id.* (quoting *Ehrlich-Bober & Co. v. Univ. of Houston*, 404 N.E.2d 726, 730 (N.Y. 1980)).

There are at least two cases in which Missouri has extended comity in similar circumstances to this case. In *Townsend v. Eastern Chemical Waste Systems*,[17] the Missouri Court of Appeals relied on comity principles when it applied District of Columbia law. The Missouri plaintiffs sued two defendants, including the District of Columbia, for negligence and negligent hiring.[18] The District of Columbia has a statutory provision requiring notice to be given to a governmental entity within six months of the incident in order to maintain a cause of action.[19] The appellate court determined that the plaintiffs' failure to plead that they complied with the District of Columbia's notice requirement for a tort claim prior to bringing suit meant that the trial court lacked subject matter jurisdiction over the plaintiffs' tort claims.[20]

In *Babbs v. Block*,[21] the Western District of Missouri specifically considered whether to apply comity principles with regard to the KTCA, although not with regard to the notice requirement. The Missouri plaintiff asserted several tort claims against two Kansas governmental defendants who filed a motion to dismiss asserting that they were immune under the KTCA.[22] The Western District of Missouri determined that comity was applicable and declined to exercise jurisdiction over the Kansas defendants because the KTCA's provisions provided the defendants

---

[17] 234 S.W.3d 452 (Mo. Ct. App. 2007).

[18] *Id*. at 456.

[19] *Id.* at 468-69 (citing D.C. Official Code § 12-309).

[20] *Id.* at 471.

[21] 167 F. Supp. 3d 1025 (W.D. Mo. 2016).

[22] *Id*. at 1026-27.

with immunity.[23]   Thus, Missouri has extended comity on at least two different occasions with regard to another state's tort law.

Plaintiff contends that comity is a two-way street and Kansas, in *Head v. Platte County*,[24] rejected a Missouri county's claim that Missouri sovereign immunity law should protect it against a suit brought by a Kansas citizen in Kansas.   Plaintiff is correct about the holding in *Head*, but she fails to recognize that the *Head* court was considering Kansas comity law principles.[25]   Here, the Court is considering Missouri law and whether Missouri would recognize comity principles and apply the notice requirement for tort claims.[26]

Plaintiff also argues that principles of comity would not apply in this case because Defendants intentionally reached into Missouri to commit the tort of defamation.   She asserts that the Missouri cases applying comity recognized this distinction.   Although the court in *Babbs* discussed the difference between intentional and incidental contact when deciding whether to extend comity to the Kansas defendants,[27] the Missouri Court of Appeals in *Townsend* did not discuss intentional or incidental contact in its decision.[28]   Indeed, in *Townsend*, the claims were for negligence, and the court simply addressed whether the plaintiffs provided notice under District

[23] *Id*. at 1028-29.

[24] 242 Kan. 442, 749 P.2d 6 (1998).

[25] *See Head*, 749 P.2d at 7.

[26] The Western District of Missouri in *Babbs* recognized that comity is reciprocal and noted that Kansas did not extend comity in the *Head* decision but nevertheless applied comity principles in the case before it.  *Babbs*, 167 F. Supp. 3d at 1028.

[27] *Id.*

[28] 234 S.W.3d 452.

-8-

of Columbia law to the governmental entity prior to bringing suit against it.[29]  Ultimately, the court determined that it lacked jurisdiction over the plaintiffs' claims because they did not plead that they provided the appropriate notice.[30]  This Court finds that the *Townsend* case is more analogous to the facts in this case as to whether Missouri would recognize the notice requirement and extend comity.  Based on Missouri principles of comity, the Court concludes that Missouri would recognize the KTCA's requirement that written notice of the tort claim must be provided prior to bringing suit on that claim.

**B.    Individual Capacity Claim**

Plaintiff asserts that she brings her defamation claim against Defendant Williams in his individual capacity and thus that notice is not required to bring this claim against him.  Under the KTCA, "notice is required for all instances in which liability could attach to the municipality and its employees."[31]  If a defendant acts "outside of the scope of their employment," the plaintiff's claim "would not support a cause of action under the Kansas Tort Claims Act and, thus, no notice before suing the individual[] would be necessary."[32]  The question, therefore, is whether Defendant Williams' actions were within or outside the scope of his employment.

Plaintiff asserts in her Amended Complaint that as to her state law claims, she is suing Defendant Williams in his individual capacity and in his capacity as an agent and employee of Labette Medical Center.  She asserts in her defamation claim that Williams made a defamatory

---

[29] *Id.* at 456, 469-71.

[30] *Id.* at 471.

[31] *Parisi v. Unified Gov't of Wyandotte Cnty.*, 2018 WL 5728439, at *8 (Kan. Ct. App. 2018); *see also Farmer v. Stafford Cnty. Hosp.*, 2019 WL 718786, at *3 (D. Kan. 2019).

[32] *Farmers Bank & Tr.*, 476 P.3d at 17 (2020) (citing *Parisi*, 2018 WL 5728439, at *8).

statement to the Missouri Board of Registration for the Healing Arts that Plaintiff refused call obligations and effectively abandoned patients.  In addition, in this defamation claim, she asserts that at all pertinent times, Williams was an employee and agent of Labette Medical Center acting within the scope and course of his employment and agency, and accordingly Labette Medical Center is liable for Williams' conduct.  Thus, Plaintiff appears to allege that she is suing Williams in his individual and official capacity.

Defendants contend, however, that Plaintiff's factual allegations demonstrate that Plaintiff is only alleging an official capacity claim against Williams because the only defamatory statement at issue is Williams' response to the Missouri Board of Registration of Healing Arts.  In addition, they attach the document that Plaintiff alleges contains the defamatory statement.[33]  Plaintiff does not dispute the authenticity of this document or that the document contains the only alleged defamatory statement that Williams made.

This document is a request for physician hospital affiliation verification and specifically directed to Labette Health.  Williams' comments were in the "hospital administrator section" and pertained to the end of Plaintiff's employment with Labette Health.  Undoubtedly, this document shows that Williams' response to the Board was in his capacity as President/CEO of Labette Health as he signed the document as the administrative representative, and the document was directed to Labette Health. Although "[d]etermining if an employee's actions are within the scope of employment is generally a fact question,"[34] there is no question of fact that Williams' statement in this document was made in his official capacity.  Because Plaintiff's defamation claim against

---

[33] Doc. 51-1.

[34] *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 1996 WL 89367, at *2 (D. Kan. 1996) (citations omitted).

Williams only relates to the one statement in this document, in which Williams was acting as a representative for Labette Health, the Court finds that Plaintiff's claim against Williams is in Williams' official capacity.  Plaintiff's allegation that she is suing Defendant Williams in an individual capacity is simply a conclusory allegation.  Accordingly, notice under the KTCA is required.

## C.    Official Capacity Claim Notice/Estoppel

Plaintiff contends that the claim asserted against Williams in his official capacity, and thus Labette Health, is allowed because Plaintiff gave notice, and Defendants should be estopped from arguing that Plaintiff failed to give notice.  Defendants argue that case law is clear as to how notice must be given, and Plaintiff failed to properly do so.  In addition, Defendants state that estoppel is inapplicable.

Pursuant to K.S.A. § 12-105b(d), "[a]ny person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action.  The notice shall be filed with the clerk or governing body of the municipality . . . ."  "[T]he filing of a *proper* notice is a prerequisite to the filing of an action in district court."[35]  "If the statutory notice requirement is not met, the court cannot obtain jurisdiction over the municipality."[36]

Plaintiff alleges in her Amended Complaint that all necessary administrative remedies were exhausted, and she gave notice of her claim to Defendants on or about April 27, 2020.  She attaches

---

[35] *Dodge City Implement, Inc., v. Bd of Cnty. Comm'rs of Cnty. of Barber*, 288 Kan. 619, 205 P.3d 1265, 1281 (2009) (emphasis added).

[36] *Id.*

a "Notice of Claim" to her Amended Complaint.  Defendants contend, however, that this Notice is insufficient because Plaintiff does not allege or demonstrate that the Notice was filed with the clerk or governing body of the municipality.  Plaintiff does not disagree with this statement nor assert and show that she filed the notice with the clerk or governing body of the municipality. Instead, Plaintiff asserts that she sent notice to Defendants' counsel through email on April 27, 2020,[37] and Defendants should be estopped from asserting that they did not have notice.  Thus, the question is whether Plaintiff's email with attached notice is sufficient under K.S.A. § 12-105b(d).

A brief recitation of facts is necessary here.[38]  On April 24, 2020, Plaintiff's counsel sent an email to Williams attaching a KTCA Notice to the email.[39]  Three days later, on April 27, 2020,[40] Plaintiff's attorney sent an email to Defendants' counsel stating:

> We never heard from you regarding whether you would accept receipt of a [KTCA] Notice on behalf of Mr. Williams or Labette County Medical Center d/b/a Labette Health.
> Accordingly, and pursuant to K.S.A. 12-105b(d), we have filed a Notice under the KTCA, a courtesy copy of which is attached.
> If you question in any manner the filing or the service thereof, please advise in writing immediately as we will otherwise assume Mr. Williams and the Board have been properly notified as set forth in K.S.A. 12-105b(d).

Plaintiff argues that rather than Defendants' counsel advising her that Williams did not receive the notice because the email address was incorrect, Defendants chose to "sandbag" and sat on its

---

[37] Plaintiff attaches this email to her briefing.

[38] The facts are taken from the documents the parties attached to their briefing.

[39] Williams never received this email as he provides an affidavit in which he avers that he never received it and that the email address to which the email was sent was never his email address.

[40] Plaintiff relies on this date in her Amended Complaint as the date she provided KTCA notice.

current concern for strategic advantage.  Thus, Plaintiff contends that Defendants should be estopped from asserting that Plaintiff did not provide proper notice.[41]

As noted above, K.S.A. § 12-105b(d) provides that written notice *shall* be filed with the clerk or governing body of the municipality.[42]  And Kansas caselaw is clear that "[f]ailure to serve notice on the proper official resolves a tort claim filed against a municipality."[43]  Furthermore, although K.S.A. § 12-105b(d) states that "substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim," the Kansas Supreme Court has determined that "notice on the county counselor or anyone else who is not the clerk or governing body of the municipality as specified in . . . 12-105b(d) is not substantial compliance with the statute."[44]  The "substantial compliance" language does not authorize the court to create new methods of serving notice of claim.[45]  Thus, Plaintiff must serve the notice on the clerk or governing body of the municipality to comply with the statute.  Here, Plaintiff did not.

Plaintiff relies on one unpublished case from the Kansas Court of Appeals, *Meara v. Douglas County*,[46] for the proposition that a government may be estopped from asserting a defense

---

[41] Plaintiff also previously argued in the motion to dismiss briefing that she substantially complied with K.S.A. § 12-105b(d) by sending emails with the KTCA notice to Williams and to Labette Health's attorney.

[42] *Farmer*, 2019 WL 718786, at *3 ("The use of the word 'shall' in the statute means that it is a mandatory requirement.").

[43] *Farmers Bank & Tr.*, 476 P.3d at 15.

[44] *Myers*, 127 P.3d at 320, Syl. 2; *see also Farmers Bank & Tr.*, 476 P.3d at 15 ("[T]his court has rejected the argument that the City may waive the requirement under K.S.A. 12-105b(d) of service on the clerk or governing body."); *Zeferjohn v. Shawnee Cnty. Sheriff's Dept.*, 26 Kan. App. 3d 379, 988 P.2d 263, 266 (noting that federal district courts had held that notice letters sent to a city attorney did not substantially comply with the statute and holding that "the requirements of the statute could not be waived by the mayor or any other city official.").

[45] *Myers*, 127 P.3d at 325 (citations omitted).

[46] 2013 WL 310363 (Kan. App. 2013).

where the government knows the facts, a party has a right to believe that the government's conduct is intended to be acted upon, and that the party asserting estoppel is ignorant of the true facts and relied on the government's conduct to his detriment.[47]   In *Meara*, the plaintiff was injured on a county highway, and his attorney mailed a letter by certified mail to the Douglas County Public Works Department, stating that the letter was notice under the KTCA.[48]   The Works Department acknowledged the letter and distributed it to several individuals, and Douglas County's insurance carrier contacted the plaintiff's counsel requesting information about the claim.[49]   Approximately 17 months later, the insurance company denied the plaintiff's claim and stated that one of the reasons for denial was that the county did not have notice of it.[50]   The plaintiff then filed suit approximately three months later.[51]   The district court granted the county's summary judgment motion finding that it lacked jurisdiction over the plaintiff's petition because the plaintiff did not comply with the mandatory service requirements.[52]   The court did not address the plaintiff's argument of whether he substantially complied with the notice provisions or whether the doctrines of waiver and equitable estoppel applied.[53]

On appeal, the Kansas Court of Appeals held that the plaintiff did not substantially comply with the KTCA's service provision because he sent his notice to the Public Works Department

---

[47] Id. at *10.

[48] *Id*. at *1.

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id*. at *2.

[53] *Id.*

instead of to the clerk or the governing body of the municipality.[54]  Specifically, the court noted

that allowing service of the notice of the claim on individuals not identified in the statute "would

create a new method of service, contrary to the plain language of K.S.A. [] 12-105b(d) and the

holding in [the Kansas Supreme Court's decision] in *Myers*."[55]  The court held that § 12-105b(d)

"requires a notice of claim against a county to be served on the county clerk or the board of county

commissioners."[56]

    After finding the district court's decision that it lacked jurisdiction proper, the Court of

Appeals went on to note equitable estoppel principles, but it still found that they were

inapplicable.[57]  It stated that the plaintiff "concede[d] that [the insurance company] had no

affirmative duty to advise him that his notice of claim letter was defective," but the plaintiff argued

that the insurance company "purposefully misled him in order to avoid liability on procedural

grounds."  The court found this argument to be without merit because it found nothing in the record

to support the plaintiff's argument that the insurance company purposefully delayed an

investigation of the claim.[58]

    The facts in *Meara* support Defendants' argument rather than Plaintiff's.  First, the Kansas

Court of Appeals specifically held that service of the KTCA notice on the proper individuals, as

identified in the statute, is a jurisdictional requirement.[59]  In addition, there are no allegations here

---

[54] *Id.* at *6-8.

[55] *Id*. at *8 (citing *Myers*, 127 P.3d at 325).

[56] *Id.* at *9.

[57] *Id.* at *11

[58] *Id.*

[59] *Id.* at *6-9.

that Defendants had a duty to speak, or that they purposefully mislead Plaintiff, for equitable estoppel to be applicable.  In sum, Plaintiff does not direct the Court to any authority providing that equitable estoppel may be applicable.

Plaintiff did not provide proper notice of her tort claim prior to filing her tort claim against Defendants.  Thus, the Court does not have jurisdiction over this claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider (Doc. 42) is **GRANTED**.  Plaintiff's defamation claim is dismissed.

**IT IS SO ORDERED**.

Dated this 8th day of February, 2021.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE