IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KOLETTE SMITH,

    *Plaintiff,*

vs.

BRIAN WILLIAMS and LABETTE
COUNTY MEDICAL CENTER d/b/a
LABETTE HEALTH,

    *Defendants.*

Case No. 20-CV-2224-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Attorney Fees (Doc. 131). Defendants seek $25,577.78 in attorney fees under 42 U.S.C. § 1988, asserting that they were the prevailing party and that Plaintiff's claims were frivolous and without foundation. Plaintiff opposes Defendants' request. For the reasons stated below, the Court denies Defendants' motion.

Plaintiff brought suit against Defendants asserting seven claims, including two claims under § 1983 for denial of liberty and property interests without due process of law. The Court dismissed Plaintiff's liberty interest claim but allowed Plaintiff's property interest claim to proceed.[1] Upon Defendant's motion for summary judgment, the Court dismissed Plaintiff's

---

[1] The Court also dismissed Plaintiff's substantive due process claim under § 1983. Plaintiff also brought state law claims, and ultimately, four claims went forward through summary judgment.

property interest claim under § 1983 and her state law claims. Defendants now seek their attorney fees, in the amount of $25,577.38, for defending the § 1983 claims.

Pursuant to 42 U.S.C. § 1988(b), the Court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee" if the action was brought under § 1983.[2] When the prevailing party is the defendant, the Court may only award attorney fees if "the plaintiff's action was frivolous, unreasonable, or without foundation."[3] "A claim is frivolous if it has no arguable basis in law or fact."[4] In addition, a claim may "become frivolous during the litigation if it becomes apparent that the claim lacks any arguable basis in law or fact and the plaintiff continues to litigate the claim anyway."[5] This standard is a difficult one to meet, "to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."[6] And "[t]he dismissal of claims at the summary judgment stage does not automatically meet this stringent standard."[7]

Defendants contend that Plaintiff's § 1983 claims were frivolous and warrant the imposition of attorney fees. They contend that her claims had no basis in law or fact, and that she did not have the necessary facts to support her allegations. Plaintiff asserts that her claims were not frivolous, and her property interest claim survived multiple rounds of dispositive motions. In

---

[2] 42 U.S.C. § 1988(b).

[3] *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quotations and citation omitted).

[4] *Frey v. Town of Jackson*, 41 F.4th 1223, 1242 (10th Cir. 2022) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[5] *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)).

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000).

[7] *Id.*

addition, Plaintiff contends that she still believes sufficient evidence supports her claims and sets forth some of that evidence.[8]

The standard for granting a defendant attorney's fees under § 1988 is quite high. The Court cannot hold as a matter of law that Plaintiff's claims were so frivolous that they should not have been brought. Although the Court dismissed Plaintiff's § 1983 liberty interest claim at the beginning of the case, the Court cannot find that it lacked any arguable basis in fact or law. In addition, Plaintiff's § 1983 property interest claim was litigated for approximately three years. Although this claim also was ultimately unsuccessful on summary judgment, the Court finds that Defendants cannot meet the demanding standard that Plaintiff's claims were frivolous. Accordingly, the Court denies Defendants' Motion for Attorney Fees.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Attorney Fees (Doc. 131) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] The Court notes that this case is currently on appeal with the Tenth Circuit.